UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRYON PIERSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26 CV 66 CDP |
| | ) | |
| CHRIS ANDOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Bryon Pierson, Jr.'s motions for leave to proceed without prepaying fees or costs and to appoint counsel. After reviewing Pierson's financial information, the Court will grant the motion and waive the filing fee. Additionally, for the reasons that follow, the Court will dismiss the action without prejudice and deny the motion to appoint counsel as moot. *See* 28 U.S.C. § 1915(e)(2)(B).

**Background**

Plaintiff Bryon Pierson, Jr. brings this pro se action against defendants Chris Andoe and Kevin Black, alleging that they unlawfully retained the title to his vehicle, illegally evicted him without a court order, destroyed his personal property and identification card, and breached a verbal agreement with him. He invokes this Court's federal question jurisdiction, citing 42 U.S.C. § 1985(3) for a civil conspiracy

claim.[1] Pierson seeks $75,001 in damages and asks the Court "for a full investigation and a judgment that holds these individuals accountable for the illegal retention and destruction of my property." ECF 1 at 6.

In the complaint, Pierson indicates that an unspecified hearing was scheduled in state court on February 23rd. A review of the Missouri state court's electronic docket reveals that Pierson filed a small-claims petition with identical factual allegations against Andoe and Black in state court on the same day that he filed the instant complaint in federal court. *Pierson v. Black, et al.*, No. 2622-SC00015 (electronic docket available at courts.mo.gov/casenet/welcome.do) (last accessed July 20, 2026). A hearing in the state court case was held on February 23rd, and judgment was entered in favor of Andoe and Black on April 23rd. Pierson did not file an appeal.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible

---

[1]In the same section of the complaint, Peirson cites "18 U.S.C. – Made False Police Reports §§ 380, 385, 320," ECF 1 at 3, but those statutes do not exist. He also cites 18 U.S.C. § 241, which does exist, but like the other criminal statutes found in Title 18 of the United States Code, it does not provide a private right of action to litigants in civil cases. *See United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) (stating that there is no private right of action under § 241). I will therefore dismiss those claims as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (explaining that an action is frivolous where it lacks an arguable basis in law or fact). That leaves Pierson's § 1985(3) claim as the only remaining basis for exercising subject-matter jurisdiction over this case, as the parties are all citizens of the same state.

claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* I must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties. *Topchian v. JPMorgan Chase Bank*, N.A., 760 F.3d 843, 849 (8th Cir. 2014). A liberal construction means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But even pro se complaints still must allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**Discussion**

To state a private conspiracy claim under the first clause of 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy, (2) for the purpose of depriving another of the equal protection of the laws or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) the deprivation of a legal right or an injury to a person or property. *Federer v. Gephardt*, 363 F.3d 754, 757-58

(8th Cir. 2004). A claim under this provision also requires a plaintiff to show that some class-based, discriminatory animus lay behind the conspirators' actions. *Dornheim v. Sholes*, 430 F.3d 919, 924 (8th Cir. 2005).

Here, the complaint contains no factual allegations suggesting that defendants conspired against Pierson for the purpose of depriving him of equal protection or equal privileges and immunities, that defendants' actions were motivated by discriminatory animus based on Pierson's class, or that Pierson is a member of a protected class. As such, the complaint fails to state a claim under § 1985(3). *See Federer*, 363 F.3d at 757-58; *Dornheim*, 430 F.3d at 924. Additionally, Pierson lacks standing to request an investigation and a judgment holding defendants accountable for their alleged crimes against him because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Pratt v. Helms*, 73 F.4th 592, 594 (8th Cir. 2023) (holding that crime victims lack standing to sue based on an official's failure to investigate); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (stating that there is no "statutory or common law right, much less a constitutional right, to an investigation").

There are no remaining federal claims on the face of the complaint, and the Court is not aware of any federal law that would be relevant to Pierson's allegations. To the extent the complaint can be construed as asserting state law claims, I will

decline to exercise supplemental jurisdiction over those claims and will dismiss them without prejudice. 28 U.S.C. § 1367(c)(3); *see also Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016-17 (8th Cir. 2015) ("When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims." (quoting *In re Canadian Import Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006))).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and for frivolity. *See* U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [3] is **DENIED** as moot.

A separate Order of Dismissal will be entered this same date.

Catherine D Perry

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of August, 2026.